Franklin Barbosa, Jr., Esq. (FB-0858)
**SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue
Florham Park, NJ 07932
(973) 539-1000
fb@spsk.com
*Attorneys for Atlantic Health Partners, L.L.C.*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 13 |
| Gerald A. Mauriello, | Case No. 24-20154 (CMG) |
| Debtor. | |

**OBJECTION OF ATLANTIC HEALTH PARTNERS, L.L.C. TO THE CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN**

Atlantic Health Partners, LLC ("AHP"), by and through its counsel, Schenck, Price, Smith & King, LLP, hereby submits this objection to the confirmation of Debtor, Gerald A. Mauriello's ("Debtor") Chapter 13 plan for the following reasons:

1.  This Objection is premised upon the failure of Debtor's plan to satisfy all administrative expenses due and owing to AHP.

**FACTUAL BACKGROUND**

Debtor's Contractual Obligations to AHP

2.  Debtor is a signatory to the Operating Agreement of AHP (the "Operating Agreement") by way of Joinder executed on July 22, 2022.

3.  Debtor also executed that certain Care Center Indemnification Agreement dated

1

July 22, 2022, as well as other related and ancillary agreements (the "CCA" and, together with the Operating Agreement and other agreements, the "Agreements").

4. Pursuant to the terms of the Agreements, AHP advanced certain monies to Debtor so that he could operate his individual medical practice. Debtor is personally obligated for the repayment of those advances under the terms of the Agreements.

5. AHP does not produce copies of those Agreements at this time as they are sensitive and proprietary. Of course, AHP will make copies of the Agreements available to the Court, the United States Trustee, Debtor's counsel for appropriate *in camera* review.

6. Prior to the commencement of Debtor's bankruptcy proceedings, AHP advanced sums to Debtor.

Debtor Commences These Bankruptcy Proceedings

7. On October 14, 2024, Debtor filed a voluntary chapter 13 petition for bankruptcy relief before the United States Bankruptcy Court for the District of New Jersey (the "Petition Date"). [Dkt. No. 1].

8. Debtor did not inform AHP of his bankruptcy filing until more than two months later on December 19, 2024 (the "Notice Date").

9. Debtor did not list AHP as a creditor in his Schedule E/F. Ibid.

10. During the period between the Petition Date and the Notice Date, AHP continued to make advances to Debtor in connection with the Agreements.

11. On the Petition Date, Debtor also filed a proposed chapter 13 plan (the "Plan"). [Dkt. No. 2]. The Plan proposes to pay creditors through future earnings and a re-finance of Debtor's one-third interest in real estate located at 2 Quenby Mountain Road, Great Meadows, New Jersey (the "Property"). Per the Plan, the re-finance was to occur by June 1, 2025. AHP has

not been provided with any status updates regarding Debtor's re-financing efforts.

12. The Plan does not propose to pay any administrative expenses to AHP.

AHP's Proofs of Claim

13. On December 23, 2024, AHP filed a proof of claim in connection with the sums advanced to Debtor (the "Original POC"). [Claim No. 11-1]. The Claim was in the sum of $112,076.27. Of that sum, $31,127.22 pertained to pre-petition advancements, and $80,949.04 related to advancements made after the Petition Date. The advancements relate to employee salaries, rent and building expenses, insurance, equipment, retirement plan contributions and other operating expenses.

14. On May 22, 2025, AHP filed an amended proof of claim (the "Amended POC"). [Claim No. 11-2]. The amended proof of claim provides that as of April 25, 2025, the total sum due from Debtor under the terms of the Agreements is *at least* $36,544.09 (the "Claim Amount"). Of that sum, $8,077.60, pertains to pre-petition advancements, and $28,466.49 relates to advancements made after the Petition Date.

15. The Amended POC reflects a lower balance than the Original POC. This is due to AHP's collection regarding receivables owed to Debtor and his medical practice.

16. On May 22, 2025, AHP also filed a Request for Payment of Administrative Expense ("Request") seeking recovery of the post-petition advancements referenced in the Amended POC. [Dkt. No. 22]. The Court subsequently issued a notice requiring AHP to re-file the Request on the claims register.

17. On June 6, 2025, AHP re-filed the Request on the claims register. [Claim No. 12].

**LEGAL ARGUMENT**

18. Debtor cannot confirm the Plan because Debtor fails to provide for satisfaction of administrative expenses owed to AHP.

19. Under Section 503(b)(1)(A) of the Bankruptcy Code, a party is entitled to an administrative claim for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. 503(b)(1)(A). "A main purpose for granting administrative priority to certain expenses is to incentivize creditors to continue doing business with a debtor." *In re Juvennelliano*, 464 B.R. 651, 655 (Bankr. D. Del. 2011) (citing *In re Merry-Go-Round Ent., Inc.*, 180 F.3d 149, 158 (4th Cir. 1999)).

20. AHP is entitled to an administrative claim for any unpaid sums advanced by AHP to Debtor after the Petition Date, particularly where, as here, Debtor did not advise AHP of the bankruptcy filing until over two months after the Petition Date. AHP advanced funds that allowed Debtor to avoid personal and criminal liability for unpaid salaries and retirement benefits. *See* N.J.S.A. § 2C:40A-2 (providing for criminal liability of employers and corporate officers of employers for unpaid compensation owed to employees).

21. On May 22, 2025, AHP filed an amended proof of claim (the "Amended POC"). As of April 25, 2025, Debtor owes AHP no less than $28,466.49 for necessary, beneficial advancements made after the Petition Date, [Claim No. 11-2].

22. The Plan as currently written does not provide for satisfaction of all administrative expenses owed to AHP. [Dkt. No. 2].

23. The Plan cannot be confirmed unless the Plan provides for payment of AHP's administrative claim.

## **STATEMENT AS TO WHY NO BRIEF IS NECESSARY**

In accordance with D.N.J. LBR 9013-1(a)(3), it is respectfully submitted that no brief is necessary in the Court's consideration of this Objection, as it does not involve complex issues of law.

**WHEREFORE**, AHP respectfully requests that the Court decline to confirm the Debtor's Chapter 13 plan.

**SCHENCK, PRICE, SMITH & KING, LLP**
*Attorneys for Atlantic Health Partners, L.L.C.*

By: */s/ Franklin Barbosa, Jr.*

Dated: June 9, 2025               Franklin Barbosa, Jr., Esq.